# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MONICA CANNON-GRANT, <br><br>          Defendant. | Case No. 1:22-cr-10057-AK |

**DEFENDANT'S MOTION *IN LIMINE* AND MOTION FOR A PRE-TRIAL PROFFER AND DETERMINATION REGARDING ALLEGED CO-CONSPIRATOR HEARSAY STATEMENTS UNDER *PETROZZIELLO***

Defendant Monica Cannon-Grant hereby moves *in limine* to preclude the government from introducing alleged co-conspirator hearsay statements into evidence at trial without a pre-trial *Petrozziello* hearing to determine whether statements made by alleged co-conspirators are admissible against Ms. Cannon-Grant pursuant to Federal Rule of Evidence 801(d)(2)(E) ("Rule 801(d)(2)(E)").

Ms. Cannon-Grant and her deceased husband, Mr. Clark Grant, were charged in the Indictment[1] with four separate conspiracies. The government has disclosed only three unindicted co-conspirators to date: Jaylen White, Narayan Jones, and Thaddeus Miles. The government alleges that Mr. White and Mr. Jones were unindicted co-conspirators in the Pandemic Unemployment Assistance wire fraud conspiracy (Count 2) and that Mr. Miles was an unindicted co-conspirator in the conspiracy to make false statements to a mortgage lending business (Count 4). Ms. Cannon-Grant anticipates that the government will attempt to admit out-of-court statements made by Mr. White, Mr. Jones, Mr. Miles, and Mr. Clark Grant against her pursuant to

---

[1] All references herein to the Indictment refer to the Superseding Indictment. ECF No. 92.

Rule 801(d)(2)(E). Serious questions exist regarding the admissibility of those statements, particularly the statements involving the alleged Pandemic Unemployment Assistance conspiracy.

The most efficient way to resolve the admissibility issues and avoid the prejudice, and potential for a mistrial, that would occur if the statements are provisionally admitted but later determined to be inadmissible would be to hold a pre-trial *Petrozziello* hearing. Accordingly, Ms. Cannon-Grant respectfully requests that the Court conduct a pre-trial *Petrozziello* hearing to determine whether the co-conspirator statements the government intends to offer satisfy the requirements for admissibility against Ms. Cannon-Grant pursuant to Federal Rule of Evidence 801(d)(2)(E). Alternatively, Ms. Cannon-Grant requests that the Court make such a determination outside the presence of the jury and before the co-conspirator statements are admitted. Moreover, Ms. Cannon-Grant requests that the government be required to identify, with specificity, each statement made by an alleged co-conspirator that it intends to offer so that the statements can be considered at a pre-trial *Petrozziello* hearing or before being admitted.

## RELEVANT FACTS

In 2017, Monica Cannon-Grant established a social justice foundation called Violence in Boston ("VIB") to raise money to reduce violence, raise social awareness, and support community causes, among other purposes. Through Ms. Cannon-Grant's relentless efforts and activism, contributions to VIB consistently grew from 2017 to 2021.

The Indictment alleges that Ms. Cannon-Grant participated in four separate conspiracies: a conspiracy to commit wire fraud by using VIB as a vehicle to solicit and receive charitable donations and grants that she intended to use for her own personal enrichment and that of her family (Count 1); a conspiracy to commit wire fraud by fraudulently applying for Pandemic Unemployment Assistance ("PUA") benefits for Ms. Cannon-Grant, Mr. Clark Grant, and their

family members "FM-1" and "FM-2" (Count 2); a conspiracy to commit wire fraud by submitting false information to the City of Boston's Office of Housing Stability ("OHS") in order to obtain rental assistance (Count 3); and a conspiracy to make false statements to a mortgage lending business to obtain a mortgage loan for her residence with Mr. Clark Grant (Count 4).    The conspiracies included some, but not all of the same individuals.  For example, the government has identified Thaddeus Miles as an unindicted co-conspirator in the conspiracy charged in Count 4, but no other conspiracies.  Similarly, the government has identified Mr. White and Mr. Jones as co-conspirators in the wire fraud conspiracy charged in Count 2, but no other conspiracy.

With respect to the conspiracy to commit wire fraud by fraudulently applying for PUA benefits, the government alleges that Ms. Cannon-Grant, Mr. Grant, Mr. White, and Mr. Jones conspired with each other to defraud the government by submitting four separate PUA applications (one for Ms. Cannon-Grant, one for Mr. Grant, one for FM-1, and one for FM-2).  Ms. Cannon-Grant, Mr. Grant, FM-1, and FM-2 each applied for PUA assistance in May 2020.  Indictment at ¶ 43.  Each individual provided different explanations for why they were entitled to receive PUA assistance.  *See id.* at ¶ 44.  Ms. Cannon-Grant explained that her place of employment was closed due to COVID-19.  *Id.*  Mr. Grant claimed that he was self-employed and that COVID-19 had severely limited his ability to perform his normal work.  *Id.*  FM-1 claimed that he did not earn more than $5,100 of income in 2019 and was not receiving full-time pay in 2020.  *Id.*  FM-2 claimed that he had been scheduled to start a new job but was unable to do so due to COVID-19. *Id.*  The applications for Ms. Cannon-Grant, Mr. Grant, and FM-2 were approved.  *Id.* at ¶ 70.

Ms. Cannon-Grant received PUA assistance until about March 2021, when the Massachusetts Department of Unemployment Assistance ("MA DUA") asked for proof that her place of work was closed or for her to repay the assistance she had received.  *Id.* at ¶ 60.  After she

received that message, she reached out to her husband, Mr. Grant, regarding the letter she had received. *Id.* at ¶ 61. Ms. Cannon-Grant did not provide any additional documentation to MA DUA. *See id.* at ¶ 62. Instead, she began to repay the assistance she had received.

Mr. Grant received a similar letter from MA DUA in March 2021, asking him for additional documentation to substantiate his application. *Id.* at ¶ 63. Unlike Ms. Cannon-Grant, Mr. Grant did submit additional paperwork to the MA DUA. *Id.* at ¶ 64–66. There is no allegation that Ms. Cannon-Grant was involved in drafting or submitting that paperwork on behalf of Mr. Grant. *See id.* Rather, the Indictment alleges that Mr. Grant worked with an associate to draft a false contractor agreement, which he then personally submitted to MA DUA. *Id.* Moreover, the Indictment acknowledges that the associate who assisted Mr. Grant was unaware that he planned to submit the contractor agreement to the MA DUA. *Id.* at ¶ 64. Mr. Grant was gainfully employed at the time he submitted and received PUA assistance. *Id.* at ¶ 46.

FM-2 also received a letter from MA DUA in March 2021, requesting additional documentation to substantiate his application. *Id.* at ¶ 67. As set forth in the Indictment, Mr. Grant helped FM-2 to draft a phony job offer letter that FM-2 submitted to the MA DUA. *Id.* at ¶¶ 68–69. There is no allegation that Ms. Cannon-Grant was involved in drafting or submitting FM-2's job offer letter. *Id.* at ¶¶ 67–69. FM-2 was gainfully employed at the time he submitted and received PUA assistance. *Id.* at ¶ 69.

## APPLICABLE LAW

For an out-of-court statement to be admitted as non-hearsay under Federal Rule of Evidence 801(d)(2)(E), the government must meet four elements by a preponderance of the evidence. *United States v. Ciresi*, 697 F.3d 19, 25 (1st Cir. 2012). <u>First</u>, the government must prove that a conspiracy existed. *Id.* <u>Second</u>, the government must prove that the defendant was a

member of the conspiracy. *Id.* <u>Third</u>, the government must prove that the declarant was a member

of the conspiracy. *Id.* <u>Fourth</u>, the government must prove that the declarant's statement was made

"in furtherance of" the conspiracy. *Id.* It is up to the judge, not the jury, to determine whether the

government has met its burden to establish these four elements. *United States v. Petroziello*, 548

F.2d 20, 22–23 & n. l (1st Cir. 1977).

"[A] statement is made 'in furtherance of' a conspiracy if it 'tends to advance the objects

of the conspiracy as opposed to thwarting its purpose.'" *United States v. Colón-Díaz*, 521 F.3d

29, 37 (1st Cir. 2008) (quoting *United States v. Piper*, 298 F.3d 47, 54 (1st Cir. 2002)). Although

there is no exact formula for determining whether a statement is made "in furtherance of" a charged

conspiracy, "[g]enerally speaking . . . a coconspirator's statement is considered to be in furtherance

of the conspiracy" if "it tends to promote one or more of the objects of the conspiracy" or "advance

the goals of the conspiracy in some way." *United States v. Piper*, 298 F.3d at 54 (quoting *United

States v. Fahey*, 769 F.2d 829, 839 (1st Cir. 1985); *United States v. Martinez Medina*, 279 F.3d

105, 117 (1st Cir. 2002). "[B]ecause of the in furtherance limitation on the admissibility of [a]

coconspirator's statement, a damaging statement is not admissible under 801(d)(2)(E) unless it

tends to advance the objects of the conspiracy as opposed to thwarting its purpose." *Fahey*, 769

F.2d at 839.

## ARGUMENT

I.  **Statements Made By Mr. Grant, Mr. White, or Mr. Jones Regarding the PUA
    Applications of Mr. Grant, FM-1, or FM-2 Do Not Satisfy Rule 801(d)(2)(E).**

The evidence does not provide any basis to conclude that Ms. Cannon-Grant entered into

a conspiracy with Mr. Grant, Mr. White, or Mr. Jones regarding Mr. Grant or FM-2's applications

for PUA Assistance. Therefore, any statements made by Mr. Grant, Mr. White, or Mr. Jones (or

any other individuals the government may allege were part of the PUA wire fraud conspiracy)

regarding PUA applications other than Ms. Cannon-Grant's cannot be admitted against her pursuant to Rule 801(d)(2)(E).

The Indictment lumps Ms. Cannon-Grant, Mr. Grant, FM-1, and FM-2's PUA applications into one conspiracy based solely because the three individuals were related and they each submitted their PUA applications in May 2020. But the government has fallen far short of its obligation to prove that Ms. Cannon-Grant was part of a conspiracy that involved the PUA applications of Mr. Grant, FM-1, or FM-2. Rather, the Indictment acknowledges that it was <u>Mr. Grant</u> (not Ms. Cannon-Grant) who assisted FM-2 with his PUA application. *Id.* at ¶ 67–69 ("Clark Grant Aids FM-2 in Submitting False Document to MA DUA"). And the only individual alleged to have assisted Mr. Grant with his application was Associate 2, whom the government has clearly alleged *was not* part of any PUA wire fraud conspiracy. *Id.* at ¶ 64 ("Associate 2 was unaware that Clark Grant intended to use the ICA to defraud MA DUA").

Mr. Grant, FM-1, and FM-2's PUA applications and benefits are outside the scope of any conspiracy involving Ms. Cannon-Grant. Any statements Mr. Grant, Mr. White, or Mr. Jones made regarding those applications therefore cannot have been made in furtherance of a conspiracy of which Ms. Cannon-Grant was a member.

**II.     The Court Should Hold a Pre-Trial *Petroziello* Hearing or, in the Alternative, Should Make a Pre-Admission Determination.**

Courts have the ability to conduct *Petrozziello* hearings prior to the commencement of trial to determine whether the government can meet its burden under Rule 801(d)(2)(E) by a preponderance of the evidence. *See*, *e.g.*, *United States v. Bernal*, 884 F.2d 1518, 1522–23 (1st Cir. 1989) (affirming the district court's decision to hold a *Petrozziello* hearing prior to trial). If hearsay statements are conditionally admitted under Rule 801(d)(2)(E) and are later deemed inadmissible, "[t]he danger of prejudicial spillover is great." *United States v. McNatt*, 842 F.2d

564, 566 (1st Cir. 1988). In fact, such prejudice may be incurable and the court may need to declare a mistrial if a cautionary instruction is insufficient. *United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969).

Conducting a *Petrozziello* hearing in this case is appropriate due to the risk of prejudice to Ms. Cannon-Grant and the likelihood of confusion. Because Ms. Cannon-Grant's case involves multiple alleged conspiracies, there is a significant risk that co-conspirator statements provisionally admitted in connection with one conspiracy, which are later excluded, might taint the jurors' analysis of another conspiracy. Moreover, there is a significant risk here that the government will not be able to meet its burden to show that statements made by Mr. Grant, Mr. White, or Mr. Jones regarding the PUA applications at issue in the Indictment are admissible. If the Court determines for any reason that a pre-trial *Petrozziello* hearing is not necessary, the risk of prejudice to Ms. Cannon-Grant could be alleviated if the Court were to make a determination during trial, outside of the presence of the jury and before such evidence is admitted, regarding the admissibility of such out-of-court statements.

## CONCLUSION

For the reasons stated above, Ms. Cannon-Grant respectfully requests that this Court hold a pre-trial *Petrozziello* hearing to determine whether the co-conspirator statements the government intends to offer satisfy the requirements for admissibility against Ms. Cannon-Grant pursuant to Federal Rule of Evidence 801(d)(2)(E). Alternatively, Ms. Cannon-Grant requests that the Court make such a determination outside the presence of the jury and before the co-conspirator statements are admitted. Moreover, Ms. Cannon-Grant requests that the government be required to identify, with specificity, each statement made by an alleged co-conspirator that it

intends to offer so that the statements can be considered at a pre-trial *Petrozziello* hearing or before being admitted.

Respectfully submitted,

/s/ *George W. Vien*
George W. Vien (BBO # 547411)
Emma Notis-McConarty (BBO # 696405)
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street, Suite 1600
Boston, Massachusetts 02110
(617) 720-2880
gwv@dcglaw.com
enm@dcglaw.com

Dated: September 2, 2025

## **LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for the Defendant has conferred with counsel for the government in good faith to resolve or narrow the issues presented in this motion, and that the disputed issues remain unresolved.

/s/ *George W. Vien*
George W. Vien

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing on September 2, 2025.

/s/ *George W. Vien*
George W. Vien