

U.S. Department of Justice

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 16, 2025

George W. Vien, Esq.
Emma Notis-McConarty, Esq.
Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110

    Re:   <u>United States v. Monica Cannon-Grant</u>
           Criminal No. 22-cr-10057 (AK)

Dear Counsel:

    The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Monica Cannon-Grant ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.   <u>Change of Plea</u>

    On the earliest practicable date, Defendant will plead guilty to Counts One through Three, Five, Nine through Thirteen, Fifteen through Seventeen, Twenty-One through Twenty-Two, and Twenty-Four through Twenty-Seven of the Superseding Indictment: wire fraud conspiracy, in violation of 18 U.S.C. § 1349 (Counts One through Three); mail fraud, aiding and abetting, in violation of 18 U.S.C. §§ 1341 and 2 (Count Five); wire fraud, aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Nine through Thirteen, Fifteen through Seventeen, and Twenty-One through Twenty-Two); filing false tax returns, in violation of 26 U.S.C. § 7206(1) (Counts Twenty-Four and Twenty-Five); and failure to file tax returns, in violation of 26 U.S.C. § 7203 (Counts Twenty-Six and Twenty-Seven). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

    The U.S. Attorney agrees to dismiss the following counts of the Superseding Indictment upon the imposition of sentence at the sentencing hearing in this matter: Count Four, charging conspiracy, in violation of 18 U.S.C. § 371; Counts Six through Eight, Fourteen, and Eighteen through Twenty, charging wire fraud, aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2; and Count Twenty-Three, charging making false statements to a mortgage lending business, aiding and abetting, in violation of 18 U.S.C. §§ 1014 and 2.

2. <u>Penalties</u>

Defendant faces the following maximum penalties:

- On each of Counts One through Three, Five, Nine through Thirteen, Fifteen through Seventeen, and Twenty-One through Twenty-Two of the Superseding Indictment: incarceration for 20 years, supervised release for three years, a fine of $250,000, and a mandatory special assessment of $100 per count, as well as restitution and forfeiture to the extent charged in the Superseding Indictment;

- On each of Counts Twenty-Four and Twenty-Five of the Superseding Indictment: incarceration for three years, supervised release for one year, a fine of $100,000, and a mandatory special assessment of $100 per count; and

- On each of Counts Twenty-Six and Twenty-Seven of the Superseding Indictment: incarceration for one year, supervised release for one year, a fine of $25,000, and a mandatory special assessment of $25 per count.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentencing Guidelines</u>

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 15:

<u>Group 1: Counts 1-3 (Wire Fraud Conspiracy), 5 (Mail Fraud, Aiding and Abetting), and 9-13, 15-17, and 21-22 (Wire Fraud, Aiding and Abetting)</u>

The U.S. Attorney agrees that Counts 1-3, 5, 9-13, 15-17, and 21-22 group together pursuant to USSG § 3D1.2(d).

a) Defendant's base offense level is 7, because wire fraud conspiracy, wire fraud, and mail fraud have a statutory maximum term of imprisonment of 20 years or more (USSG § 2B1.1(a)(1));

b) Defendant's offense level is increased by 10, because the loss amount attributable to the charged counts in this group is greater than $150,000 but not more than $250,000 (USSG § 2B1.1(b)(1)(F)); and

c) Defendant's offense level is increased by 2, because the offense(s) involved misrepresentations with respect to Defendant's conduct on behalf of a charitable organization (USSG § 2B1.1(b)(9)(A)).

Group 2: Counts 24-25 (Filing False Tax Returns) and 26-27 (Failure to File Tax Returns)

The U.S. Attorney agrees that Counts 24-27 group together pursuant to USSG § 3D1.2(d).

  a) Defendant's base offense level is 12, because the tax loss attributable to the charged counts in this group is greater than $15,000 but less than $40,000 (USSG §§ 2T1.1(a)(1) and 2T4.1(D)); and

  b) Defendant's offense level is increased by 2, because Defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity (USSG § 2T1.1(b)(1)).

Combined Offense Level

The U.S. Attorney agrees that, because there is a five-level difference between Groups 1 and 2, the combined offense level is determined by taking the offense level applicable to Group 1 and increasing it by 1 (USSG § 3D1.4).

Total Offense Level

The U.S. Attorney further agrees as follows:

  a) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1); and

  b) Defendant's offense level is decreased by 2, because Defendant qualifies as a zero-point offender (USSG § 4C1.1(a)).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration at the low end of the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3 above;

    b) a fine within the Guidelines sentencing range as calculated by the U.S. Attorney, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) three years of supervised release;

    d) a mandatory special assessment of $1,650, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) restitution to be determined at sentencing; and

    f) forfeiture as set forth in Paragraph 6.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant</u>

will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.  Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The U.S. Attorney contends that the assets to be forfeited specifically include, without limitation, the following:

    a.  $250,000 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment) on the grounds that it is equal to the amount constituting or derived from proceeds of the offenses.

Defendant reserves the right to dispute this amount and to argue that the forfeiture should be determined to be a different amount.

To the extent the Court enters an Order of Forfeiture based on a finding that the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly) from the crimes to which Defendant is pleading guilty, and to the extent that, due at least in part to the acts of omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

To the extent the Court enters an Order of Forfeiture, Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Upon entry of an Order of Forfeiture, if the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7.  Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8.  Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9.  Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

* * *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Dustin Chao or Adam Deitch.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: _____
WILLIAM F. ABELY
Chief, Criminal Division

_____
DUSTIN CHAO
ADAM W. DEITCH
Assistant U.S. Attorneys

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Monica Cannon-Grant
Defendant

Date:   9/18/2025

I certify that Monica Cannon-Grant has read this Agreement and that we have discussed what it means. I believe Ms. Cannon-Grant understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
George W. Vien
Emma Notis-McConarty
Attorneys for Defendant

Date:  September 18, 2025